AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>All funds up to $52,483.49 from $25,000 withdrawn from JP Morgan Chase Acct. 2958108739, invested in cryptocurrency on the Coinbase Exchange | )<br>)<br>)   Case No. 21-mc-155-STV<br>)<br>) |

### APPLICATION FOR A WARRANT
### TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of __Colorado__ is subject to forfeiture to the United States of America under __18__ U.S.C. § 981(a)(1)(C) *(describe the property)*:

All funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange

The application is based on these facts:

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached affidavit which is continued on the attached sheet and made a part hereof.

☑ Continued on the attached sheet.

*s/John Maglosky*
*Applicant's signature*

John Maglosky, FBI Special Agent
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.  ☒ submitted, attested to, and acknowledged by reliable electronic means.

*[signature]*
*Judge's signature*

Date: 7/7/2021

City and state: Denver, Colorado

Scott T. Varholak, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I**,** John Maglosky, Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a seizure warrant for up to $115,000, held in JP Morgan Chase Account 2958108739 in the name of 895 11th LLC, which Russell Lester was a signatory and authorized user and all funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have held that position for the last 18 years. I am currently assigned to investigate financial crimes in the Denver Field Office, such as investment fraud, bank fraud, and wire/mail fraud. I have investigated these types of fraud for over 14 years and have attended numerous trainings related to these types of fraud over that time.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause to obtain the requested seizure warrants and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe Russell Lester is committing violations of 18 U.S.C. § 1343 (wire fraud). In addition, based on the facts in this affidavit, there is probable cause to believe that up to up to $115,000 in JPMorgan Chase account 2958108739 in the name of 895 11th LLC and all funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan

1

Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange are subject to forfeiture 18 U.S.C. § 981(a)(1)(C).

## BACKGROUND OF SMALL BUSINESS ADMINISTRATION ECONOMIC INJURY DISASTER LOANS AND GRANTS

5. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.

6. In or around March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of Americans suffering adverse economic effects caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and expanded existing programs, including programs created or administered by the SBA.

7. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

8. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses, known as Economic Injury Disaster Grants (EIDGs). The amount of the advance was determined by the number of employees the applicant certified having. The advances did not need to be repaid.

9. Applicants for EIDL and/or EIDG apply directly to the SBA through their website. In order to obtain an EIDL and/or EIDG, a qualifying business was required to submit information to the SBA regarding its operations, such as the number of employees and the entity's gross business revenues and cost of goods sold in the

twelve months prior to January 31, 2020.  The amount of the loan, if approved, was determined based, in part, on the information provided concerning the number of employees, gross revenue, and cost of goods.

10. Any funds issued under an EIDL or EIDG were issued directly by the SBA. EIDL funds were permitted to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

### Law Enforcment Investigation into Russell Bryant Lester

11. Russell Bryant LESTER co-owned 895 11th LLC with a person whose initials are R.M.  The 895 11th LLC entity owns rental property in Colorado.  LESTER submitted and caused to be submitted various fraudulent information to the SBA in the process of applying for EIDLs, including one application on behalf of 895 11th LLC.  The SBA funded four applications submitted by LESTER for a total of over $233,000.

12. On or about July 12, 2020, LESTER applied for an EIDL from the SBA on behalf of 895 11th LLC.  In the submitted application, LESTER affirmed that 895 11th LLC had 20 employees and in the twelve months prior to the disaster had $3,000,000 in gross revenues and $2,500,000 in cost of goods sold.

13. LESTER signed the EIDL application for 895 11th LLC and certified that the information provided to the SBA was true and correct.

14. The IP Address associated with the EIDL at the time the information was submitted to the SBA, was assigned to LESTER's girlfriend who had initials J.O, and at an address where LESTER also resided.

15. Based on the July 12, 2020 application, the SBA awarded a $150,000 EIDL to 895 11th LLC and the funds were deposited into JP Morgan Chase checking account 191779372 in the name of 895 11th LLC.

16.     R.M, the co-owner of 895 11th LLC, was interviewed by the FBI and advised 895 11th LLC did not have any employees.  R.M. also informed the FBI that the figures submitted to the SBA on the July application for 895 11th LLC for gross revenues and cost of goods sold were greatly inflated.  R.M. stated that the estimated expenses for 2019 were $43,115 and the income was $49,800.  R.M. informed FBI that he was aware in July 2020 that LESTER had submitted the EIDL application on behalf of 895 11th LLC, but had not seen the application.

## Financial Analysis

### JPMorgan Chase Savings Account # 8739

17.     According to account records, on or about August 6, 2020, $149,900[1], the funds from the July application for EIDL, were deposited into JPMorgan Chase checking account 191779372 (JP Morgan # 9372) in the name of 895 11th LLC, of which LESTER was a signatory and authorized individual.

18.     On or about August 19, 2020, $140,000.00 of the EIDL funds were transferred to JPMorgan Chase savings account # 2958108739 (JPMorgan # 8739) in the name of 895 11th LLC, discussed below.  On or about November 27, 2020, $25,000 was transferred back to JPMorgan # 9372.

19.     On or about November 27, 2020, $25,000 was transferred out of JPMorgan # 9372 by R.M. to a personal account for the purpose of investing in cryptocurrency.

20.     Therefore, $115,000 in fraudulently obtained EIDL funds remained in JPMorgan # 8739 after the withdrawal of $25,000 on November 27, 2020.  According to financial records, as of April 2021, the balance of JPMorgan # 8739 is $112,880.58.

---

[1] A fee of $100 was charged for EIDLs over a certain amount which are deducted from the loan proceeds.

### Funds Derived from $25,000 withdrawn from JPMorgan Chase Account 191779372 and Invested with Coinbase

21. The $25,000 that was withdrawn from JPMorgan # 9372 on November 27, 2020 was invested by R.M. with Coinbase on November 27, 2020.

22. R.M. withdrew the investment from Coinbase on February 19, 2021, which totaled $52,482.67, to a personal checking account. The additional funds in the amount $27,482.67 were derived from appreciation on the intial $25,000 investment. On or about February 22, 2021, R.M. transferred the $52,482.67 to a personal savings account.

23. On May 12, 2021, R.M transferred $52,483.49[2] from the personal savings account to JPMorgan #8739, and two days later, returned the funds to the personal savings account.

24. Therefore, all funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange represents proceeds traceable to, and appreciation attributable thereto, to the fraudulently obtained EIDL funds.

### Conclusion

25. For the reasons set forth above, I submit that there is probable cause to believe that LESTER is engaged in violations of 18 U.S.C. § 1343 (wire fraud). There is also probable cause to believe that up to up to $115,000 in JPMorgan Chase account 2958108739 in the name of 895 11th LLC and all funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange are subject to forfeiture 18 U.S.C. §

---

[2] Includes $0.82 of interest accrued on funds. Balance in account as of May 20, 2021 was $52,483.89, which includes an additional $0.40 in accrued interest.

981(a)(1)(C).

26. Under 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture.  Under 18 U.S.C. § 1956(c)(7)(A), "specified unlawful activity" includes violations of 18 U.S.C. § 1961(1), and 18 U.S.C. § 1961(1), in turn, includes violations of 18 U.S.C. § 1343.

27. Pursuant to 18 U.S.C. § 981(b)(1), "any property subject to forfeiture to the United States under subsection (a) may be seized by the Attorney General . . ."

28. Recognizing that money is fungible, 18 U.S.C. § 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather, "any identical property found in the same account shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." In other words, the United States may forfeit any funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of fraudulent funds deposited into the account within the past year.

29. Based upon all the foregoing, I have probable cause to believe that the funds described below are derived from proceeds traceable to substantive violations of 18 U.S.C. § 1343 (wire fraud) and are, therefore, subject to seizure pursuant to 18 U.S.C. § 981(a)(1)(C) and (b).

30. Accordingly, your affiant requests a civil seizure warrant for the following:

    a. Up to $115,000 in JPMorgan Chase account 2958108739 in the name of 895 11th LLC; and

b.  All funds up to $52,483.49 derived from $25,000.00 withdrawn from JP Morgan Chase Account 2958108739 and invested in cryptocurrency on the Coinbase exchange.

s/John Maglosky
Special Agent
Federal Bureau of Investigation

Reviewed and submitted by Assistant United States Attorney Laura B. Hurd

Subscribed and sworn to before me this __7th__ day of July 2021.

_____
HON. SCOTT T. VARHOLAK
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO